313 So.2d 386 (1975)
Alfonso RATLIFF, Jr.
v.
STATE of Mississippi.
No. 48559.
Supreme Court of Mississippi.
May 26, 1975.
Maynard, Fitzgerald, Bradley & Chaffin, Clarksdale, for appellant.
A.F. Summer, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, C.J., and ROBERTSON and SUGG, JJ.
*387 GILLESPIE, Chief Justice, for the Court:
Alfonso Ratliff, Jr., was convicted of armed robbery and sentenced to an eighteen-year term in the penitentiary. From the judgment of conviction he appeals. We affirm.
The jury was justified in finding from the state's evidence the facts as next stated. Willie C. Roberts operated a cafe in Darling, Mississippi. On October 6, 1973, he and his brother, Henry Roberts, were present in the cafe about 3:30 or 4 p.m. when three strangers, one of whom was Alfonso Ratliff, Jr., came into the cafe and drank some beer and wine. One of the men asked Henry Roberts which store would be the best one to rob and how many policemen were in the town. These three men were in and out of the restaurant for about four hours. They were traveling in a 1967 model Oldsmobile which belonged to Ratliff. Henry Roberts observed the automobile, which was moved several times during the afternoon, and was driven by Ratliff. Both of the Roberts' brothers positively identified the defendant as being one of the three men who were in the cafe. About 7:30 p.m., Henry Roberts left the cafe and went to a friend's house where he telephoned the sheriff of Quitman County and advised him that a robbery was going to occur. When Roberts returned to the cafe the Malone Grocery Store in Darling, Mississippi, had been robbed by two men and Ratliff's automobile was gone.
Ratliff was not one of the two men who entered the grocery store.
The Reverend Johnny Williams, who was incarcerated in the jail at Clarksdale, overheard Ratliff relate to another inmate that he (Ratliff) had been in Darling on the night of October 6 and had put the food stamps which were taken during the robbery in a paper bag between the radiator and the grill of his automobile. He also heard Ratliff tell of driving his automobile along back roads to avoid road blocks.
After Ratliff was bound over to await action of the grand jury following the hearing before a justice of the peace, he stated: "I don't see how you could put a $15,000 bond on someone who was only with them." The defendant denied the charge and one of his co-indictees stated that Ratliff was not involved in the robbery.
Defendant argues that the Court erred in questioning John McPheron, one of defendant's witnesses, and in explaining its ruling on an objection by the state to the introduction of a certain paper to the testimony of McPheron.
McPheron stated that he ran an automobile repair business in Memphis and that defendant brought his car to McPheron's garage on October 5, 1973. He further stated that the automobile was not repaired and picked up by defendant until October 8, 1973. The robbery occurred at Darling on October 6. The document mentioned was a piece of green paper with the typewritten words "McFerren Garage" with a street address, apparently in Memphis. The barely legible handwriting thereon shows, "Bushed front end, brakes relined, parts $38.84, Labor $46.90, Total $85.74, date 10-5-73, a.m.; Name, Alfonso Ratliff, Address, 122 W. McKellor, Phone, 775-1282, recce., 10-8-73, p.m." McPheron testified that he kept such documents on a clip board in his garage for three months because he guaranteed his work for that period of time. The state objected generally on the ground that the written evidence was too unreliable as a record. The judge examined the document and then asked the witness several questions. The witness was asked if he made any entries in his books from such documents, and if he had brought any other business records with him. After the witness responded that he did not keep any books and had not brought any other business *388 records, the judge stated, "I am going to admit this with the reservation, of course, that it is up to the jury to determine the authenticity or validity of it; that will be a question for the jury; and with that reservation it will be admitted in evidence."
It was within the judge's discretion to question the witness. Griffin v. State, 171 Miss. 70, 156 So. 652 (1934). We are of the opinion that the Court should not have made the observation concerning this evidence; however, a judge may explain his rulings in admitting evidence or in sustaining or overruling objections. Bumpus v. State, 166 Miss. 276, 144 So. 897 (1932). If it was error, it was not such as to justify a reversal of this case.
The judge's statement was similar to a jury instruction to the effect that the jury was the judge of the credibility of all of the evidence presented. The defendant did not object to this instruction at the trial and on appeal concedes that it was a proper statement of the law. Moreover, the record does not indicate that defendant made any objection to either the judge's statement or his questioning of the witness. The rule is well established that contemporaneous objection is necessary to preserve the right to raise an error on appeal. Pittman v. State, 297 So.2d 888 (1974). In Blackwell v. State, 44 So.2d 409 (Miss. 1950), this Court stated:
It is now well settled that when anything transpires during the trial that would tend to prejudice the rights of defendant, he cannot wait and take his chances with the jury on a favorable verdict and then obtain a reversal of the cause in this Court because of such error, but he must ask the trial court for a mistrial upon the happening of such occurrence when the same is of such nature as would entitle him to a mistrial. 44 So.2d at 410.
We have carefully reviewed the other issues raised by defendant and find them to be without merit.
Finding no reversible error, we affirm the judgment below.
Affirmed.
RODGERS, P.J., and PATTERSON, INZER, SMITH, WALKER and BROOM, JJ., concur.