JiTHIBODEAUX, Judge.
Plaintiff, Tara L. Baumgarten, appeals a trial court judgment awarding her $250.00 in general damages and no medical expenses as a result of a rear-end collision with defendant, Gregory J. Daigle. The trial judge found that Ms. Baumgarten did not sustain “legally cognizable damage.” The trial judge fiirther ordered that all costs related to the litigation be shared equally by the parties. We find that the trial judge was manifestly erroneous in not finding Ms. Baumgarten |2suffered an injury and abused his discretion in his award of damages. Accordingly, we amend the judgment and award $5,000.00 in general damages and $2,470.00 in medical expenses and reverse the judgment regarding the assignment of costs.
I.

ISSUE

The issues presented for appeal are whether the trial court was manifestly erroneous in finding a lack of injury and abused its discretion in its award of general damages and in its assessment of court costs.
II.

FACTS

On May 11, 1994 Tara Baumgarten was driving her 1989 Toyota Corolla in a northerly direction in Moss Bluff, Louisiana. In order to make a right turn onto her private drive, Ms. Baumgarten reduced her speed. At that point, Gregory J. Daigle, driving a 1989 Chevrolet pickup truck, struck the rear end of Ms. Baumgarten’s car. The occurrence of the accident is not in dispute.
At approximately 2:12 p.m., Louisiana State Trooper Keith Allen Green responded to a call and arrived at the scene of the accident. Trooper Green surveyed the accident scene, speaking to both Ms. Baumgar-ten and Mr. Daigle, and filled out a report. It is noted in the report that Mr. Daigle admitted striking Ms. Baumgarteris car and that his speed at that the time of the impact was twenty-five (25) miles per hour; Ms. Baumgarten stated that her speed at the time of the impact was five (5) miles per hour. No skid marks were evident on the road. Based on her complaints of neck discomfort, Trooper Green further stated in his accident report that Ms. Baumgarten sustained a minor injury; she did not, however, request an ambulance.
RDue to her discomfort the afternoon of the accident, Ms. Baumgarten made an appointment with Dr. Peter Brosnan, a chiropractor. On May 13, 1994, Dr, Brosnan conducted physical and chiropractic examinations and x-rays and concluded that Ms. Baumgarten sustained objective injuries to her back as a result of the accident. For the objective symptoms, Dr. Brosnan treated Ms. Baumgarten until September 14, 1994, at which point he felt she had reached pre-injury status. For the subjective symptoms, he treated her until December of 1994. Mr. Daigle did not request that Ms. Baumgarten see another physician, nor did he provide the court with any medical testimony or evidence contradictory to Dr. Bros-naris conclusions.
After the trial on November 2, 1995, the trial judge ruled in favor of Ms. Baumgarten, but only awarded damages in the sum of $250.00. Furthermore, the judge stated that court costs were to be borne equally by the parties.
III.
LAW AND ARGUMENT Manifest Error
In his reasons for judgment, the trial judge stated, “there was no legally cognizable damage to plaintiff other than the minimum upset of shock [sic] attendant such a mini-accident.” Our thorough review of the record leads to quite a different conclusion. The unrefuted testimonies of Dr. Brosnan and Ms. Baumgarten fully support a finding *689 that due to the May 11, 1994 accident, Ms. Baumgarten suffered a personal injury. The trial judge’s finding on this matter is manifestly erroneous.
Courts consistently apply the manifest error standard of review which directs an appellate court to set aside a trial court’s finding only if it is clearly or manifestly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). The Louisiana Supreme Court in Stobart v. State through DOTD, 617 So.2d 880 (La.1993), referred ]4to a two pronged test for a reversal of a fact finder’s determinations. It stated in pertinent part that the appellate court must first find that there is no factual basis for the trial court’s ruling. Id Secondly, the appellate court must establish that the record supports the conclusion that the trial court’s finding is clearly wrong. Id. Adhering to this jurisprudential analysis, we reviewed the record in this case in order to establish whether the trial judge’s finding was reasonable.
Ms. Baumgarten reported to the officer at the scene of the accident that she was injured. Shortly thereafter, she contacted Dr. Brosnan’s office for an appointment. Two days later she saw Dr. Brosnan complaining of neck and lower back pain. When asked the status of her neck and back prior to the accident, Ms. Baumgarten stated that it was good. She testified, however, that after the accident she suffered from sharp pains in her neck and lower back as well as restriction of neck movement.' Furthermore, she informed the court that due to her pain, it became increasingly difficult for her to perform her job and household related duties, thus relying on her co-workers and husband for assistance.
Dr. Brosnan’s testimony is corroborative of that of Ms. Baumgarten. In describing his methods of evaluation of the patient, he stated that he conducted a physical and chiropractic examination which included physical palpation of the musculature and range of motion of the bones of the spine as well as X-rays. These tests yielded results consistent with Ms. Baumgarten’s complaints. Dr. Brosnan testified that Ms. Baumgarten was experiencing muscle spasms in both shoulders, reduced neck motion and cervical rotation, and muscle spasms in the lower back, each of which caused pain and discomfort. Moreover, Dr. Brosnan made objective findings of a curvature of the mid-back, misaligned lower back joints, and a loss of |snormal cervical curve. Dr. Brosnan opined that these injuries are consistent with undergoing a rear-end accident, such as the one experienced by Ms. Baumgarten.
September 14, 1994 marked the end of Dr. Brosnan’s treatment of Ms. Baumgarten’s objective complaints; he continued to treat her for subjective complaints until December of 1994. The total charge for Ms. Baumgar-ten’s chiropractic treatment was $2,470.00.
Notably, Mr. Daigle did not provide the trial court with any testimony or evidence to refute or contradict the testimonies of Ms. Baumgarten and Dr. Brosnan. Nevertheless, in spite of uncontroverted testimonies unequivocally supporting the conclusion that Ms. Baumgarten suffered cognizable injuries, the trial judge stated in his reasons for judgment that she did not suffer a “legally cognizable injury.”
Although unsure of what the trial judge meant by this statement, we are sure that it is not supported by the record. Likely, he intended to convey that Ms. Baumgar-ten merely suffered a shock. Contrarily, the uneontroverted testimonies given at trial reveal that Ms. Baumgarten suffered medically ascertainable and compensable injuries. Based on the record, we find that the trial judge was unreasonable and clearly wrong in finding that Ms. Baumgarten did not sustain a personal injury.
Seemingly, the trial judge disregarded the uncontradicted testimonies of Ms. Baumgar-ten and Dr. Brosnan. Our supreme court stated in Mart v. Hill, 505 So.2d 1120, 1127 (La.1987) that an appellate court is not required,
to affirm the trier of fact’s refusal to accept as credible uncontradicted testimony or greatly preponderant objectively corroborated testimony where the record indicates no sound reason for its rejection and where the factual finding itself has been reached by overlooking legal principles, (citation omitted.)
*690 | ¡jEssentiaily, the trial judge made an arbitrary finding and awarded an inadequate damage award based thereon; had he relied on the uncontradicted testimony before him, the trial judge’s findings would necessarily be different.
Furthermore, in his reasons for judgment, the trial judge alluded that Ms. Baumgar-ten’s forfeiting of her consortium claim was indicative of the insincere tone of the case. Such a finding is as unreasonable as it is illogical. Its conclusion — an insincere and meritless claim — does not follow from the premise — forfeiture of a consortium claim. It is a material fallacy, a non sequitur, which we cannot legitimize.
Abuse Of Discretion
Now that we have determined that the trial judge failed to identify Ms. Baumgar-ten’s injuries, we evaluate his assessment of damages and court costs. Our supreme court in Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), advised that the facts and circumstances of each case are to be weighed and considered before an appellate court determines an award to be adequate or inadequate. Moreover, it stated that an appellate court in reviewing a trial court’s damage award is to question whether a reasonable trier of fact faced with the particular injury in the particular circumstances would award a similar damage amount. Having determined that Ms. Baum-garten did in fact suffer an injury, we conclude that the trial judge abused his discretion in awarding only $250.00 for immediate shock from the accident. The analysis of the record facts made in the previous section of this opinion justifies that inescapable conclusion.
It is well established that an appellate court’s determination of abuse of discretion permits that court to refer to prior awards in cases "with similar injuries at issue for the purpose of determining the highest or lowest point to which the award can be raised or lowered within its discretion. Youn, 623 So.2d 1257. In light of the |7trial judge’s abuse of discretion in awarding a woefully inadequate general damages award, we proceed to determine the point to which we can raise Ms. Baumgarten’s damage award, remaining well within the boundaries of discretion afforded this court. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). We respectfully note that since we are raising an award, we cannot exceed the lowest point reasonably within the trier of fact’s discretion. Reck v. Stevens, 373 So.2d 498 (La.1979). Mindful that no two cases are identical, we reviewed Louisiana jurisprudence with the express purpose of identifying reasonable boundaries in determining Ms. Baumgarten’s award.
In Bauer v. White, 532 So.2d 506 (La.App. 1 Cir.1988) the appellate court affirmed a general damages award of $5,000.00 to a man who suffered moderate spinal injuries as a result of a car accident and underwent seven months of chiropractic treatment.
For neck, shoulder, and low back pain suffered pursuant tó a rear-end collision, this court reduced the trial court’s damage award from $17,500.00 to $7,000.00 in Rachal v. Agudosi, 496 So.2d 1274 (La.App. 3 Cir. 1986). The plaintiff in that case underwent physical therapy for two months.
This court affirmed an award of $10,000.00 in Washington v. Bellard, 602 So.2d 223 (La.App. 3 Cir.1992), a personal injury suit arising out of a rear-end collision. In that case, the plaintiff sustained a soft tissue injury to the neck and underwent several months of physical therapy. Although later complications allegedly related to the accident arose, the jury limited its general damage award to the soft tissue injury for a six month duration and additionally awarded special damages for medical expenses for that six month period.
IjjOur survey of similar cases reveals that the lowest amount within the trial court’s discretion is $5,000.00. Accordingly, we amend the trial court’s judgment to increase the $250.00 general damages award to $5,000.00. We also award Ms. Baumgarten special damages of $2,470.00 for her medical expenses. Regarding the judge’s assessment of court costs, we reverse, holding that costs are to be borne solely by Mr. Daigle and his insurer, Midland Risk.
Mr. Daigle and Midland Risk rigorously argue that we should judge this case under the manifest error-clearly wrong standard of *691 review, rather than the abuse of discretion standard. It really does not matter one way or the other. The application of either standard yields the same result, i.e., the trial judge rendered an award incongruous to the facts at hand.
IV.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is amended to increase the general damages award from $250.00 to $5,000.00, and to award medical expenses in the amount of $2,470.00. It is reversed to cast Gregory J. Daigle and Midland Risk Insurance Company for all costs at the trial and appellate levels.
AMENDED IN PART AND, AS AMENDED, AFFIRMED IN PART AND REVERSED IN PART.
DECUIR, J., dissents and assigns written reasons.