ROBERTS, J.,
for the Court.
SUMMARY OF THE CASE
¶ 1. Having pled guilty to sale of cocaine, Andrew Rucker, a habitual offender, was sentenced to twenty years in the Mississippi Department of Corrections with ten years suspended and ten to serve. Rucker filed an unsuccessful petition for post-conviction relief in which he alleged, in essence, that his sentence was excessive and that he received ineffective assistance of counsel. Aggrieved, Rucker appeals. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶2. Indicted and charged with sale of cocaine as a habitual offender, on January 8, 2003, Andrew Rucker went before the Second Judicial District of the Yalobusha County Circuit Court and pled guilty to sale of cocaine. The circuit court also found that Rucker qualified for sentencing as a habitual offender. The circuit court *960 sentenced Rucker to twenty years in the Mississippi Department of Corrections. However, the circuit court suspended ten years of Rucker’s sentence and left ten to serve. Rucker’s sentence was consistent with the plea bargain he had struck with the district attorney.
¶ 3. On December 29, 2005, Rucker filed a petition for post-conviction collateral relief. Rucker claimed (a) he was unlawfully sentenced as a habitual offender, (b) his sentence exceeded statutory limits, and (c) he received ineffective assistance of counsel. On April 25, 2006, the circuit court summarily dismissed Rucker’s petition without conducting a hearing. Rucker appeals.
STANDARD OF REVIEW
¶4. In reviewing a circuit court’s decision to deny a motion for post-conviction collateral relief, we will not disturb the circuit court’s factual findings unless they are clearly erroneous. Boyd v. State, 926 So.2d 233(12) (Miss.Ct.App.2005). However, we review questions of law de novo. Id.
ANALYSIS
I. WHETHER THE CIRCUIT COURT IMPROPERLY SENTENCED RUCKER AS A HABITUAL OFFENDER.
¶ 5. The Yalobusha County Grand Jury returned an indictment against Rucker and charged him with sale of cocaine as a habitual offender pursuant to Section 99-19-81 of the Mississippi Code Annotated. (Rev.2000). Rucker pled guilty. Rucker claims the circuit court erred when it did not conduct a bifurcated trial as required by URCCC 11.03.
¶ 6. Rucker did not request a separate and bifurcated hearing. When a petitioner fails to request a separate hearing at the time of sentencing, he is precluded from raising that point on appeal, even if there is substantive merit to the petitioner’s argument. Crouch v. State, 826 So.2d 772(¶ 4) (Miss.Ct.App.2002).
¶ 7. Assuming, for the sake of discussion, that Rucker preserved this issue, his assertion would still be meritless. When a defendant pleads guilty to the principal charge, a separate hearing as to whether he is a habitual offender is not mandatory. Id. Rather, “[a]ll that is required is that the accused be properly indicted as [a] habitual offender[,] ... that the prosecution prove the prior offenses by competent evidence ... and that the defendant be given a reasonable opportunity to challenge the prosecution’s proof.” Id.
¶ 8. Rucker does not claim that he was either improperly indicted, that the prosecution failed to prove the prior offenses by competent evidence, or that he did not have a reasonable opportunity to challenge the prosecution’s proof. Because a separate hearing was not required, the circuit court did not err when it declined to conduct one. Further, the plea colloquy shows clearly that Rucker had previously been convicted of two separate felonies in 1994 and 2000, both before the Yalobusha County Circuit Court, and that he qualified for sentencing as a habitual offender under Section 99-19-81 of the Mississippi Code. This assignment of error is meritless.
II. WHETHER THE CIRCUIT COURT IMPROPERLY SENTENCED RUCKER TO AN EXCESSIVE AND ILLEGAL SENTENCE.
¶ 9. Rucker submits that the circuit court’s sentence exceeded the statutory maximum. According to Rucker, the minimum sentence for his crime was two years, while the maximum sentence was eight *961 years. Rucker’s misunderstanding results from his misreading of the applicable statutory provision.
¶ 10. Rucker references the minimum and maximum sentences for a violation of Section 41 — 29—139(c)(1)(b) of the Mississippi Code Annotated. (Rev.2005). That provision governs sentencing for possession of cocaine. Rucker pled guilty to sale of cocaine, a violation of Section 41-29-139(a) of the Mississippi Code Annotated. One who violates that provision may be sentenced to a maximum of thirty years. Accordingly, Rucker’s sentence of twenty years with ten years suspended and ten years to serve as a habitual offender is well below the thirty-year maximum sentence as a habitual offender.
¶ 11. Section 99-19-81 states that, if one convicted of a felony has a previous record of conviction of two other felonies, arising from separate incidents, and where the convicted party had been sentenced to separate terms of at least one year each for those two prior felonies, upon conviction of a subsequent felony, the convicted party must be sentenced to the maximum allowable sentence for that felony. Miss. Code Ann. § 99-19-81; Frazier v. State, 907 So.2d 985(¶11) (Miss.Ct.App.2005). Further, Section 99-19-81 goes on to state that such a sentence “shall not be reduced or suspended nor shall such person be eligible for parole or probation.” Pursuant to Section 99-19-81 and the undisputed record in this case, Rucker should have received a mandatory thirty year sentence. Rucker was sentenced to twenty years with ten years suspended and ten years to serve. The State has not challenged the legality of Rucker’s sentence on a cross-appeal. To be perfectly clear, we do not disturb Rucker’s sentence. We merely point out the arguable leniency Rucker received to illustrate the fact that Rucker’s sentence was not unduly harsh or excessive.
III. WHETHER RUCKER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 12. Rucker claims the circuit court erred when it did not conduct an evidentia-ry hearing to determine whether he had ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, Rucker must demonstrate (1) a deficiency in his counsel’s performance that is (2) sufficient to constitute prejudice to his defense. Swington v. State, 742 So.2d 1106(¶ 22) (Miss.1999) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Walker v. State, 703 So.2d 266, 268 (Miss.1997)). In deciding whether Rucker’s counsel rendered ineffective assistance, this Court examines the totality of the circumstances surrounding the case. Swington, 742 So.2d at (¶22). Rucker faces a “strong but rebuttable presumption that his counsel’s conduct falls within a broad range of reasonable professional assistance.” Id. at (¶ 23). To overcome this presumption, Rucker must show “that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id.
¶ 13. Rucker’s rationale for ineffective assistance of counsel stems from his first two issues on appeal. Rucker contends that his counsel was ineffective because he failed to object to the length of Rucker’s sentence. In Rucker’s petition to plead guilty, Rucker indicated that he and his attorney reached an agreement with the district attorney’s office and that, in exchange for his guilty plea, the district attorney would recommend a specific sen *962 tence. That specific sentence is filled-in and it is in Rucker’s own handwriting. That portion of Rucker’s petition shows that Rucker expected that the district attorney’s office would recommend a twenty year sentence with ten years to serve “as [a] habitual offender” and ten years on post-release supervision. Rucker was indicted for sale of cocaine as an enhanced drug offender under Section 41-29-147 of the Mississippi Code (Rev.2005) as well as a habitual offender under Section 99-19-81 and, if convicted by a jury, he faced a mandatory sentence of sixty years in custody without parole or early release.
¶ 14. During Rucker’s guilty plea hearing, the circuit court repeated that recommended sentence and asked Rucker whether he understood that recommendation. Rucker responded, “Yes, ma’am.” The circuit court accepted the district attorney’s recommendation and sentenced Rucker to the precise sentence that he contemplated in his petition to plead guilty. That is, Rucker received the exact sentence for which he bargained. Rucker swore that he was satisfied with his attorney’s assistance and that he had no complaints regarding his attorney.
¶ 15. We find that Rucker’s sentence is not excessive. It seems patently ludicrous that Rucker raises this claim of ineffective assistance of counsel when he received the exact lenient and negotiated sentence contemplated in his petition to plead guilty. In any event, Rucker fails to demonstrate that his counsel’s performance was deficient. As such, we find that this assignment of error is meritless.
¶ 16. THE JUDGMENT OF THE YA-LOBUSHA COUNTY CIRCUIT COURT DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YALOBUSHA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.