859 So.2d 1021 (2003)
Kobely CLARKE a/k/a Koberly D. Clarke a/k/a Koberly Donnell Clark, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00441-COA.
Court of Appeals of Mississippi.
September 16, 2003.
Rehearing Denied November 18, 2003.
*1022 James N. Potuk, Quitman, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before KING, P.J., BRIDGES and LEE, JJ.
KING, P.J., for the Court.
¶ 1. Kobely Clarke was found guilty in the Circuit Court of Clarke County, Mississippi of possession with intent to distribute marijuana. He was sentenced to serve a term of twenty-five years in the custody of the Mississippi Department of Corrections and ordered to pay a fine and other court costs. Aggrieved by his conviction and sentence, Clarke has appealed and raised the following issues which we quote verbatim:
I. The trial court erred in allowing into evidence [Clarke's] prior conviction for sale of cocaine as proof of an intent to distribute under Rule 404(b) of the Mississippi Rules of Evidence before any evidence was introduced.
II. The trial court erred in allowing into evidence [Clarke's] prior conviction for cocaine as proof of an intent to distribute under Rule 404(b) of the Mississippi Rules of Evidence as the prejudicial effect outweighs the probative value of the evidence.
III. The evidence was insufficient to prove that [Clarke] was guilty of the offense of possession of marijuana with intent to sell.

FACTS
¶ 2. On February 1, 2001, Postal Inspector Tim Weisend received a phone call from an inspection service representative in Los Angeles, California regarding a suspicious parcel that had been sent express mail from Robert Stewart to Antwan Thomas. According to Weisend, the "sender," Robert Stewart, was not known at the return address and the mailing zip code was different from the zip code reflected on the Express Mail label. Weisend indicated the package weighed 36 pounds 4 ounces.
¶ 3. Upon receipt of the package, Weisend contacted the Mississippi Bureau of Narcotics and requested that a drug dog check the package. The dog alerted to the package. Weisend obtained a federal search warrant to search the package and, upon doing so, discovered four bricks of what appeared to be marijuana.
¶ 4. On February 5, 2001, Weisend and the East Mississippi Drug Task Force arranged a controlled delivery at the post office in Stonewall, Mississippi. A delivery slip was placed at 762 Erwin Road indicating that a package had arrived for Antwan Thomas. The task force agents conducted surveillance at this address and at the post office. At approximately 10:10 a.m., Thomas picked up the delivery slip at his address and proceeded to the post office. According to Weisend, approximately five *1023 minutes later, Thomas arrived at the post office and retrieved the package.
¶ 5. Upon retrieving the delivery slip, Antwan Thomas and Clarke proceeded to the post office. Thomas went into the post office and signed for the package while Clarke stayed in the vehicle.
¶ 6. Thomas came out of the post office with the package and got into a vehicle driven by Clarke. As Clarke drove from the parking lot, task force agents attempted to stop the vehicle by signaling with their blue lights and siren. Clarke sped away and pulled onto a dirt road. He lost control of the vehicle and crashed into a tree. Clarke exited the vehicle and ran into the woods where he was subsequently apprehended and arrested. Thomas, the passenger in the vehicle, was apprehended at the scene.
¶ 7. In August 2001, Clarke and Thomas were indicted for possession with intent to distribute marijuana. Thomas pled guilty.
¶ 8. At trial on January 30, 2002, Agent Warren Cox testified that he delivered the four bricks of suspected drugs to the crime lab where it was identified as marijuana. Cox also indicated that Clarke had a prior conviction for the sale of cocaine. A certified copy of Clarke's prior conviction was introduced and admitted into evidence.
¶ 9. Antwan Thomas testified that Clarke agreed to pay him $500 to pick up the package.
¶ 10. The jury found Clarke guilty of possession with intent to distribute marijuana.

ISSUES AND ANALYSIS
¶ 11. Because issues I and II are interrelated, we will address them together.

I.
Whether the trial court erred in allowing into evidence Clarke's prior conviction for the sale of cocaine as proof of intent to distribute under Rule 404(b) of the Mississippi Rules of Evidence before any evidence was introduced.
¶ 12. Clarke asserts that his prior conviction for the sale of cocaine as proof of his intent to distribute pursuant to Mississippi Rule of Evidence 404(b)[1] should not have been allowed into evidence.
¶ 13. Prior to trial, the State moved to use Clarke's prior conviction of the sale of cocaine for "the limited purpose of proving intend [sic] to distribute or to deliver in accordance with the amount of marijuana in this case.... [I]t's not used to prove guilt, but simply to prove intent."
¶ 14. The trial court allowed the testimony regarding Clarke's prior conviction to be introduced at trial noting that in Smith v. State, 656 So.2d 95, 99 (Miss. 1995), a prior conviction for the sale of drugs was admitted for the purpose of showing "intent to distribute" under Rule 404(b) of the Mississippi Rules of Evidence.
¶ 15. The trial court also relied on the exposition of the rule in Swington v. State, 742 So.2d 1106 (¶ ¶ 10-12) (Miss.1999), which stated that evidence of another offense is admissible when offered to show identity, knowledge, intent, common scheme or plan or absence of mistake.
*1024 ¶ 16. While Rule 404(b) states that evidence of other crimes may be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, Lindsey v. State, 754 So.2d 506(¶ 22) (Miss.Ct.App.1999), "Rule 403 provides that `[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" Id.
¶ 17. Clarke maintains that the prejudicial effect of the testimony regarding his prior conviction outweighed the probative value of the evidence. Clarke argues that because most of the evidence against him was offered by Antwan Thomas, an accomplice, the judge should have viewed the testimony as being "highly questionable and suspicious."
¶ 18. The admissibility and relevancy of evidence are within the discretion of the trial court and, absent an abuse of that discretion, the trial court's decision will not be disturbed on appeal. McCoy v. State, 820 So.2d 25(¶ 15) (Miss.Ct.App. 2002). As long as the trial court remains within the confines of the Mississippi Rules of Evidence, its decision to admit or exclude evidence will be accorded a high degree of deference. Id. Additionally, "the admission or exclusion of evidence must result in prejudice or harm, if a cause is to be reversed on that account." Id.
¶ 19. While evidence might be found relevant, the court must also determine that it is more probative than prejudicial. Moore v. State, 806 So.2d 308(¶ 11) (Miss.Ct.App.2001). In this case, the trial court found that its probative value outweighed any possible prejudice. However, in an effort to minimize any prejudice, the trial court correctly gave a limiting instruction, Robinson v. State, 735 So.2d 208(¶ 4) (Miss.1999), which stated:
The Court instructs the jury that the testimony of Warren Cox regarding the prior conviction of Koberly Clarke for Sale of Cocaine in 1995 was offered in an effort to prove motive, intent, preparation, plan, knowledge, identity or absence of mistake on the part of the Defendant when he allegedly was in possession of marijuana with intent to distribute on February 5, 2001. You may give this testimony such weight and credibility as you deem proper under the circumstances. However, the Court further instructs the Jury that under the circumstances you can not and must not consider this testimony in any way regarding whether or not Koberly Clarke is guilty or not guilty of the charge for which he is presently on trial, that being for the unlawful possession of marijuana with intent to distribute.
¶ 20. We find no error in the admission of this evidence.

II.
Whether the evidence was sufficient to prove that Clarke was guilty of the offense charged.
¶ 21. Clarke claims that the evidence was insufficient to convict him of possession with intent to distribute marijuana. The evidence offered by the State showed (1) that Clarke mailed a package weighing in excess of 36 pounds to Antwan Thomas, (2) that Clarke drove Thomas to the post office to pick up the package, (3) that Clarke agreed to pay Thomas $500 to pick up the package, (4) that after having picked up the package, Clarke fled when law enforcement officers attempted to stop him and (5) that the package contained *1025 drugs in an amount which far exceeded personal use amounts.
¶ 22. In considering the sufficiency of the evidence questions, the Court is required to view the evidence in the light favorable to the State, giving it the benefit of all reasonable inferences which may be drawn from the evidence, and accepting as true that evidence which supports guilt. McClain v. State, 625 So.2d 774, 778 (Miss.1993). It must not weigh the evidence or its credibility as that is the province of the jury. Id. Having done so, the Court may only reverse if the evidence is such that fair-minded jurors could only find the defendant not guilty. Id.
¶ 23. The record before this Court contains sufficient evidence upon which a jury could have, and did, base a guilty verdict.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF CLARKE COUNTY OF CONVICTION OF POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLARKE COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] Mississippi Rule of Evidence 404(b) provides: (b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.