RUSSELL, J„
for the Court:
¶ 1. Dexter Campbell appeals his convictions for possession of cocaine with the intent to distribute and possession of marijuana with the intent to distribute. He asserts three issues on appeal, which we rephrase for clarity: (1) whether the jury instructions submitted by Campbell’s attorney and given to the jury set forth the elements of the lesser-included offense of simple possession; (2) whether the circuit court erred in admitting Campbell’s prior drug convictions into evidence; and (3) whether the verdict is against the overwhelming weight of the evidence. Upon review, we find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶2. On the evening of November 28, 2010, Sergeant Shawn Word and Sergeant Chad Garnet of the Starkville Police Department were patrolling an area in search of seat-belt violators. Sergeant Word noticed a vehicle traveling without tail lights and initiated a traffic stop. When he approached the vehicle, he recognized the driver as Campbell.
¶ 3. "While speaking with Campbell, Sergeant Word smelled what he believed to be unburnt marijuana coming from the vehicle. As a result, Sergeant Word asked Campbell to step out of the vehicle, and Campbell complied. Once Campbell was outside the vehicle, Sergeant Word asked Campbell if he had anything illegal on him. Campbell reached into his right jacket pocket and pulled out a pill bottle containing three small plastic bags. Each bag contained what later was confirmed to be cocaine.
¶4. When asked whether he had anything else on him, Campbell stated that he *601 had marijuana in his crotch. Sergeant Word obtained a Crown Royal bag from Campbell’s crotch, which contained two large bags of marijuana. There was also three small bags containing marijuana in Campbell’s right-front pant’s pocket. Campbell had a “blunt splitter” and a roll of fifteen one-dollar bills wrapped together with a rubber band in his left-front pant’s pocket, along with two five-dollar bills and one ten-dollar bill. Campbell also had eighty dollars cash in his wallet.
¶ 5. According to Sergeant Word, Campbell told him at the scene: “I’m trying to work for the police department, but I got to sell dope to get back in with all the other dope dealers so I can turn on them.” Sergeant Word also testified that, while being booked at the police station, Campbell told Sergeant Word that he “was selling the narcotics to make the money he had in his possession.” Neither of these statements were in Sergeant Word’s incident report, but Sergeant Word testified that both of these statements were made by Campbell.
¶ 6. Bill Smith, the director of forensic chemistry at the Columbus Forensic Laboratory, tested each substance and determined that Campbell had possessed a total of 5.02 grams of cocaine and 15.9 grams of marijuana.
¶ 7. Campbell was indicted for possession of cocaine with intent to distribute, in an amount greater than two grams but less than ten grams, and possession of marijuana with intent to distribute, in an amount of greater than ten grams but less than thirty grams. On May 3, 2011, a jury trial was held. The jury was given an instruction on the lesser-included offense of simple possession, which will be discussed more fully below. The jury found Campbell guilty of possession of cocaine with intent to distribute and possession of marijuana with intent to distribute. Campbell appealed.
DISCUSSION
I. Whether the jury instructions submitted by Campbell’s attorney and given to the jury set forth the elements of the lesser-included offense of simple possession.
¶ 8. Campbell argues that the circuit court erred in failing to instruct the jury on the elements of simple possession. Our simple-possession statute states: “It is unlawful for any person knowingly or intentionally to possess any controlled substance .... The penalties for any violation of this subsection (c) with respect to a controlled substance ... including marihuana ... shall be based on dosage unit ... or the weight of the controlled substance[.]” Miss.Code Ann. § 41-29-139(c) (Supp.2011).
¶ 9. In this case, the jury instructions that were given — and prepared by counsel for Campbell — read as follows:
If you find that the State has failed to prove any one or more of the essential elements of the crime of possession of a controlled substance — [cjocaine—with the intent to distribute, you must find the [defendant not guilty of this charge. You will then proceed with your deliberations to decide whether the State has proved beyond a reasonable doubt all of the elements of the lesser crime of possession of cocaine. If you find from the evidence in this case beyond a reasonable doubt that:
(1) The [defendant, Dexter Campbell, on or about the 28th day of November, 2010, in Oktibbeha County,
(2) [d]id unlawfully, willfully[,] ... felo-niously, knowingly and intentionally possess
*602 (3) [c]ocaine in an amount greater than 2 grams and less than 10 gramsf,]
then you shall find the defendant guilty of the lesser[-]included crime of possession of cocaine.
There was an additional instruction identical to the one above for the marijuana possession “in an amount less than 30 grams.” These instructions track the language of our simple-possession statute. See id. Therefore, we find that the jury was properly instructed on the elements of simple possession. We also note that these instructions were prepared by counsel for Campbell. “It is a familiar rule of law that one may not complain of his own instruction.” Hall v. State, 420 So.2d 1381, 1386 (Miss.1982). This issue is without merit.
II. Whether the circuit court erred in admitting Campbell’s prior drug convictions into evidence.
¶ 10. Campbell argues that the circuit court erred in admitting his prior drug-sale convictions into evidence. “We review the trial court’s admission or exclusion of evidence for an abuse of discretion.” Smith v. State, 90 So.3d 122, 128 (¶ 22) (Miss.Ct.App.2012) (citing Terrell v. State, 952 So.2d 998, 1005 (¶ 31) (Miss.Ct.App.2006)).
¶ 11. Mississippi Rule of Evidence 404(b), which governs the admissibility of prior crimes, states:
Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
(Emphasis added). This rule “prevents the State from raising the inference that the accused has committed other crimes and is therefore likely to be guilty of the offense charged.” Smith, 90 So.3d at 129 (¶ 22) (quoting White v. State, 842 So.2d 565, 573 (¶ 24) (Miss.2003)). But the rule allows the admission of evidence of other crimes for other relevant purposes. Id. To be admissible under Rule 404(b), “(1) the evidence must ‘be relevant to prove a material issue other than the defendant’s character,’ and (2) ‘the probative value of the evidence must outweigh the prejudicial effect.’” Smith, 90 So.3d at 129 (¶ 23) (quoting Davis v. State, 40 So.3d 525, 530 (¶ 16) (Miss.2010)). “This second prong implicates Mississippi Rule of Evidence 403 — ‘the ultimate filter through which all otherwise admissible evidence must pass.’ ” Smith, 90 So.3d at 129 (¶ 23) (quoting Davis, 40 So.3d at 530 (¶ 16)). “Evidence of prior drug sales is admissible under [Rule] 404(b) to prove intent to distribute if it passes the [Rule] 403 balancing test[.]” Smith v. State, 839 So.2d 489, 494 (¶ 7) (Miss.2003).
¶ 12. In this case, Campbell had two prior convictions for the sale of cocaine in February of 2001,[1] and the State moved to admit these convictions under Rule 404(b) on the ground that the convictions were relevant to the issue of intent. Counsel for Campbell objected contending that the convictions were more prejudicial than probative under Rule 403. The circuit court allowed Campbell’s prior convictions into evidence because they were not “offered to show that he acted in conformi *603 ty therewith” but “offered to show that he had the intent to distribute these drugs.” The circuit court also conducted a Rule 403 balancing test and found that the two prior convictions met Rule 403 muster because “the substantive value of this evidence substantially outweigh[ed] any prejudicial effect[.]” The circuit court then noted that it would give the jury a limiting instruction stating that the jury could only use the evidence of the prior convictions to show the intent element, and that the jury could not consider that he acted in conformity therewith. Later, a limiting instruction was given to the jury.
¶ 13. The record reflects that intent to sell was a key issue before the jury. Sergeant Word testified that Campbell stated he “was selling the narcotics to make the money that he had in his possession.” Sergeant Word also stated that Campbell made a statement that he was selling the drugs for the police department. On cross-examination, Sergeant Word admitted that he failed to put Campbell’s statements in his incident report. The circuit court noted that Campbell’s defense was not that he did not possess the cocaine and marijuana; instead, Campbell’s defense was “that he just didn’t possess it with intent to distribute.” This Court has previously held that “evidence of prior acts offered to show intent to distribute is not barred by [Rule] 404 and is properly admissible if it passes muster under [Rule] 403[.]” Smith v. State, 656 So.2d 95, 99 (Miss.1995) (overruled on other grounds by Brown v. State, 890 So.2d 901, 913 (¶ 36) (Miss.2004)); see also Smith, 839 So.2d at 494 (¶ 7) (holding that “[e]videnee of prior drug sales is admissible under [Rule] 404(b) to prove intent to distribute if it passes the [Rule] 403 balancing test”); Holland v. State, 656 So.2d 1192, 1196 (Miss.1995) (holding that “[ejvidence of prior involvement in the drug trade is admissible to prove intent to distribute”). We find that Campbell’s two prior drug convictions were properly admitted into evidence to show Campbell’s intent to sell. We further find that the circuit court conducted a proper Rule 403 balancing test. This issue is without merit.
III. Whether the verdict was against the overwhelming weight of the evidence.
¶ 14. Lastly, Campbell argues that the verdict was against the overwhelming weight of the evidence. “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005). A motion for new a trial “is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.” Id. (quoting Amiker v. Drugs for Less, Inc., 796 So.2d 942, 947 (¶ 18) (Miss.2000)). “However, the evidence should be weighed in the light most favorable to the verdict.” Id. “A reversal on the grounds that the verdict was against the overwhelming weight of the evidence, ‘unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict.’ ” Id. (quoting McQueen v. State, 423 So.2d 800, 803 (Miss.1982)). Instead, “the court simply disagrees with the jury’s resolution of the conflicting testimony.” Id. (quoting McQueen, 423 So.2d at 803). “This difference of opinion does not signify acquittal any more than a disagreement among the jurors themselves.” Id. (quoting McQueen, 423 So.2d at 803). “Instead, the *604 proper remedy is to grant a new trial.” Id.
¶ 15. “[IJntent to sell or distribute contraband may be established by inference from circumstantial evidence.” Boyd v. State, 634 So.2d 113, 115 (Miss.1994). Our supreme court has held that “intent is a question of fact to be gleaned by the jury from the facts shown in each case.” Id. To prove possession with an intent to distribute or sell, our supreme court has provided the following guidance:
[P]roof of possession with an intent to distribute or sell should not be based solely upon surmise or suspicion. There must be evidentiary facts which will rationally produce in the minds of jurors a certainty, a conviction beyond reasonable doubt that the defendant did in actual fact intend to distribute or sell the cocaine, not that he might have such intent. It must be evidence in which a reasonable jury can sink its teeth.
Id. (quoting Stringfield v. State, 588 So.2d 438, 440 (Miss.1991)). Further, “criminal intent may be shown by surrounding circumstances.” Id. (citing Stñngfield, 588 So.2d at 441).
¶ 16. In this case, Campbell argues that the amount of cocaine and marijuana he possessed was insufficient to support an intent to distribute these substances, and that he should have been convicted of the lesser-included offense of simple possession. Campbell further argues that the drugs in his possession were merely for his own personal use and not for sale or distribution. Smith, who tested each substance, testified that Campbell had a total of 5.02 grams of cocaine and 15.9 grams of marijuana in his possession. Sergeant Word testified that the cocaine was found in three separate bags inside a medicine bottle. Campbell also had three bags of marijuana in his front pocket, and another two bags of marijuana in the Crown Royal bag, for a total of five bags containing marijuana. Additionally, Campbell had cash rolled up in a rubber band, cash in his wallet, and cash in his pant’s pockets. Sergeant Word testified that Campbell made two separate statements that he was selling the drugs. Given these facts, there was ample evidence to support Campbell’s conviction. See Jones v. State, 20 So.3d 57, 64-65 (¶ 19) (Miss.Ct.App.2009) (holding that a defendant’s admission that he intended to sell the cocaine in his possession, coupled with prior involvement in the drug trade, supported conviction of possession with intent to sell or distribute).
¶ 17. Viewed in the light most favorable to the verdict, we cannot say that the evidence preponderates heavily against the jury’s decision to find Campbell guilty of possession of cocaine with the intent to distribute and possession of marijuana with the intent to distribute. Therefore, the circuit court did not abuse its discretion in denying Campbell’s motion for new trial. This issue is without merit.
¶ 18. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE, AND SENTENCE OF SIXTY YEARS; AND COUNT II, POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE, AND SENTENCE OF SIX YEARS, WITH THE SENTENCES TO RUN CONCURRENTLY, ALL AS A HABITUAL OFFENDER AND SUBSEQUENT DRUG OFFENDER WITHOUT ELIGIBILITY FOR REDUCTION, SUSPENSION, PAROLE, OR PROBATION, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
*605 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.

. The circuit court properly noted that even though Campbell's prior convictions were over ten years old, an inquiry into the age of his convictions was not relevant for a Rule 404(b) analysis, although it would be relevant for a Mississippi Rule of Evidence 609 impeachment analysis.