# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-KA-00865-COA

**ANTON COLBURN A/K/A ANTON MARCELL COLBURN**                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                   **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/25/2021 |
| TRIAL JUDGE: | HON. PAUL S. FUNDERBURK |
| COURT FROM WHICH APPEALED: | ITAWAMBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ZAKIA HELEN ANNYCE BUTLER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CASEY BONNER FARMER |
| DISTRICT ATTORNEY: | JOHN DAVID WEDDLE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 01/10/2023 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Anton Colburn was tried and convicted by the Itawamba County Circuit Court for the sale of methamphetamine within 1,500 feet of a church.  The trial court sentenced him to forty years in the custody of the Mississippi Department of Corrections, with five years suspended and thirty-five years to serve, and five years of post-release supervision.

¶2.     On appeal, Colburn raises the sole issue that the trial court improperly admitted into evidence his prior 2006 conviction for possession of cocaine with intent to sell, unfairly prejudicing him.  We find no error and affirm his conviction and sentence.

## STATEMENT OF FACTS

¶3.     In March 2019, Britny Brace contacted Narcotics Investigator Joe Hill with the Fulton Police Department about acting as a confidential informant (CI).  Brace wanted to "set up" Colburn because he had been selling drugs to her mother, and Brace was trying to help her get "clean."  Brace texted Colburn about buying $300 worth of methamphetamine from him. Once Colburn confirmed to Brace that he had the requested drugs, Brace contacted Investigator Hill.

¶4.     Brace and Investigator Hill met at his office the same day.  He gave her $300 cash and a car key fob with a hidden camera inside.  Investigator Hill searched her vehicle and person to make sure Brace did not bring anything law enforcement had not deemed necessary to bring.  Brace then drove to the address Colburn had provided, which was approximately 700 feet from the Shiloh Christian Methodist Episcopal Church.

¶5.     The key fob video, which was entered into evidence at trial, showed Brace's driving to the house and entering a room where Colburn and his girlfriend were sitting on the couch. Brace and Colburn discussed the details of the sale.  Although they had agreed on $300 worth of methamphetamine, Colburn appeared to be "short."  Colburn was seen smoking a pipe and offering it to Brace.  After she denied the pipe, Brace followed Colburn to the kitchen where he weighed the drugs on a digital scale, confirming that he did not have the full "eight ball" Brace had requested but only about half that amount.  Colburn wrapped the packet of methamphetamine in toilet paper and black electrical tape as he told Brace of his plans to get the other half.  Colburn handed the packet to Brace, who counted out $140 of the $300 given to her by Officer Hill.  Brace put the money on the coffee table next to Colburn and left the

2

house. The video then shows Brace driving back to Investigator Hill's office. There, she returned the $160 to Investigator Hill and gave him the drug package. He opened the package to weigh it and then sent the package to the crime lab. A representative from the crime lab testified the package contained 2.86 grams of methamphetamine.

¶6. Several months later, Colburn was indicted for the sale of methamphetamine. Before trial, Colburn's prior 2006 conviction for possession of cocaine with intent to sell was admitted over the defense's objection (by motion in limine). At trial, Colburn did not call any witnesses, and he did not testify. Colburn was convicted by a jury as charged. Colburn was sentenced and subsequently appealed.

**STANDARD OF REVIEW**

¶7. This Court reviews the admission or exclusion of evidence for an abuse of discretion. *Robinson v. State*, 42 So. 3d 598, 603 (¶14) (Miss. Ct. App. 2010). "[A]bsent an abuse of that discretion, the trial court's decision will not be disturbed on appeal." *Clarke v. State*, 859 So. 2d 1021, 1024 (¶18) (Miss. Ct. App. 2003) (quoting *McCoy v. State*, 820 So. 2d 25, 31 (¶15) (Miss. Ct. App. 2002)). "As long as the trial court remains within the confines of the Mississippi Rules of Evidence, its decision to admit or exclude evidence will be accorded a high degree of deference." *Id.* "[T]he admission or exclusion of evidence must result in prejudice or harm" if a conviction is to be reversed on that account. *Id.*

**DISCUSSION**

¶8. On appeal, Colburn argues that the trial court erred in admitting his 2006 conviction for possession of cocaine with intent to sell. He claims the prior conviction was improperly

3

admitted under Mississippi Rules of Evidence 404(b) and 403, and unfairly prejudiced him at trial.

¶9. Before trial, the State moved to introduce Rule 404(b) evidence in order to rebut possible defenses of mistaken identity, lack of intent, or mistake. In response, Colburn filed a motion in limine to prohibit the introduction of his prior felony drug conviction. At the hearing on the motions, the State explained it sought to introduce Colburn's prior conviction from 2006 for possession of cocaine with intent to distribute in order to prove Colburn intentionally sold controlled substances to a confidential informant. The trial court found the State identified a relevant, valid, and non-character purpose for admitting the conviction—Colburn's intent in possessing the controlled substances, which was an essential element of the crime. Under the Rule 403 balancing test, the trial court found "the probative value of the conviction was not substantially outweighed by the danger of unfair prejudice."[1] The trial court allowed the prior conviction into evidence with a proper limiting instruction to the jury.

¶10. The State introduced the 2006 conviction through an exhibit during the State's case-in-chief. The exhibit was a certified sentencing order showing Colburn had pleaded guilty to the charge of possession of cocaine (greater than two grams) with intent to sell in 2006 and had been sentenced to serve twenty years with fourteen years suspended. An appropriate

---

[1] The trial court cited *United States v. Smith*, 741 F.3d 1211 (11th Cir. 2013), in support of its ruling. In *Smith*, evidence of two prior convictions for possession of cocaine was found admissible and highly probative of the defendant's intent to conspire and distribute cocaine even though the prior convictions occurred six and ten years before the charged offense and were possession offenses. *Id.* at 1225-26 (citing *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997)).

limiting instruction was given to the jury to consider Colburn's prior felony conviction "only for the limited purpose of showing of intent." The jury was also instructed "not [to] infer that [Colburn] acted in conformity with his previous acts."

¶11. Mississippi Rule of Evidence 404(b)(1) prohibits the admission of a "crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, evidence of a prior crime or act "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." MRE 404(b)(2). If an exception applies, the trial court engages in a Rule 403 balancing test to determine if the evidence's probative value is not substantially outweighed by its prejudicial effect. *Clarke*, 859 So. 2d at 1024 (¶16).

¶12. Colburn argues his prior conviction was probative of his intent only through the prohibited propensity inference of Rule 404(b) that because he sold drugs in the past, he is more likely to do it again. Further, Colburn claims the prior conviction was unrelated and unconnected to the instant charge and too remote in time. Finally, Colburn argues there was no permissible probative value to be substantially outweighed by the danger of unfair prejudice.

¶13. Mississippi law is well established that the admission of prior drug convictions is proper to show the defendant's intent to sell or distribute drugs. For example, in *Clarke*, 859 So. 2d at 1022 (¶1), this Court affirmed the defendant's conviction for possession with intent to distribute marijuana. We found the trial court did not abuse its discretion in admitting the

5

defendant's prior conviction for the sale of cocaine to show the defendant's intent to deliver or distribute the marijuana. *Id.* at 1023 (¶20). Similarly, in *Campbell v. State*, 118 So. 3d 598, 600 (¶1) (Miss. Ct. App. 2012), this Court affirmed the defendant's conviction for possession of cocaine and marijuana with intent to distribute. Again, we found the trial court did not abuse its discretion in admitting two convictions over ten years old to prove the defendant had possession with intent to distribute in the current case. *Id.* at 602-03 (¶¶12-13). In both *Clarke* and *Campbell*, the evidence passed Rule 403's balancing test, and the trial court gave a proper limiting instruction. *Clarke*, 859 So. 2d at 1024 (¶19); *Campbell*, 118 So. 3d at 603 (¶12). Further, in *Swington v. State*, 742 So. 2d 1106 (Miss. 1999), the Mississippi Supreme Court found no abuse of discretion in the trial court's admission of a witness's testimony that he acted as a go-between for the defendant and had made a cocaine sale thirty minutes earlier. *Id.* at 1109-11 (¶¶3, 10). The trial court found the testimony was relevant to prove motive, plan, intent, and preparation. *Id.* at 1111 (¶11); *see also Smith v. State*, 839 So. 2d 489, 494-95 (¶¶5, 9) (Miss. 2003) (finding no error in admitting testimony of passenger about defendant's prior drug dealing).

¶14.   Colburn's argument that his prior conviction is unrelated and unconnected to the present charge relates to the issue of remoteness, which affects the Rule 403 balancing test. Colburn claims that because his conviction was over ten years old, the passage of time has lessened the conviction's probative value. We disagree. Colburn's prior conviction was not too remote in time (thirteen years) from the current charge. *See Campbell*, 118 So 3d at 602-03 (¶¶12-13). Further, any remoteness could merely weaken the evidence's probative value,

6

not bar its admission under Rule 404. *United States v. Cockrell*, 587 F.3d 674, 680 (5th Cir. 2009). Moreover, this Court has stated that an inquiry into the age of prior convictions is not relevant for a Rule 404(b) analysis. *Campbell*, 118 So. 3d at 602 n.1. For example, in *Campbell*, this Court found no error in admitting two convictions over ten years old, *id*. at 603 (¶13), and in *Smith*, 741 F.3d at 1225, the prior convictions occurred six and ten years before the charge at issue.

¶15. In addition to remoteness, the dissent claims that the prior conviction and current charge have "fundamental differences" because the prior and current crime involve different drugs and supposedly different elements, causing the probative value of the prior conviction to be substantially outweighed by the danger of unfair prejudice. Actually, the reverse is true—"the more closely the extrinsic offense resembles the charged offense, the greater the prejudice to the defendant." *Cockrell*, 587 F.3d at 679 (quoting *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978)). However, it "does not follow that such similarity requires exclusion of the evidence." *Id.*

¶16. The two convictions are not fundamentally different. Colburn's 2006 conviction was for "possession of cocaine greater than 2 grams with intent to sell," and the present conviction was for "sale of methamphetamine within 1,500 feet of a church."[2] Cocaine and methamphetamine are both Schedule II controlled substances. *See* Miss. Code Ann. § 41-29-115(b)(4) (Rev. 2018) (cocaine); *Id.* § 41-29-115(d)(3) (methamphetamine). Prior drug convictions can be properly admitted under Rule 404(b)'s exceptions involving drugs

---

[2] Colburn sold the CI approximately 3.1 grams of methamphetamine.

7

different than the charge at issue. For example, in *Clarke*, the prior conviction involved cocaine; the charge being tried involved marijuana. *Clarke*, 859 So. 2d at 1023 (¶¶7-8). Here, the prior conviction for possession with intent to sell cocaine and the current conviction for the sale of methamphetamine are substantially similar with intent being an element of both crimes. Numerous cases cited above have admitted evidence of prior convictions that were different from the crime at issue to prove intent. *See Smith*, 741 F.3d at 1226 (finding prior convictions for possession of cocaine were probative of intent in charge for conspiring to distribute and possession with intent to distribute cocaine); *Campbell*, 118 So. 3d at 602-03 (¶¶12-13) (reviewing two prior convictions for sale of cocaine that were admitted to show intent on then-current charges of possession of cocaine and marijuana with intent to distribute); *Clarke*, 859 So. 2d at 1023-24 (¶¶12-20) (finding prior conviction for sale of cocaine was admissible to show intent for charge of possession with intent to distribute marijuana).

¶17. Colburn cites *Hargett v. State*, 62 So. 3d 950 (Miss. 2011),[3] as analogous to this case. While *Hargett* is factually similar to this case, it is legally distinguishable. In *Hargett*, confidential informants were used to purchase drugs from the defendant. *Id*. at 952 (¶3). The trial court granted the defendant's motion in limine to exclude evidence of the defendant's prior drug convictions. *Id*. at (¶4). However, during trial, despite frequent warnings from the bench, "four improper, prejudicial exchanges took place . . . referencing

---

[3] This Court initially affirmed the defendant's conviction, finding no error with a prior-acts issue. *Hargett v. State*, 62 So. 3d 975, 976 (¶1) (Miss. Ct. App. 2010), *rev'd*, 62 So. 3d 950, 951-52 (¶2) (Miss. 2011).

[the defendant] in connection with a prior bad act or conviction." *Id.* at 952 (¶6). At trial, the State argued that it would be offering the defendant's prior drug convictions to prove there was no mistaken identity, but the defense never alleged this issue. *Id.* at 953 (¶9). The supreme court explained that this Court found the elicited testimony fell within Rule 404(b) exceptions, but we did not enumerate which ones. *Id.* (citing *Hargett*, 62 So. 3d at 977 (¶6)). This Court also found it was admissible "to tell the complete story so as not to confuse the jury" and affirmed the conviction. *Id.* at (¶10); *Hargett*, 62 So. 3d at 977 (¶7). The supreme court, however, disagreed, reversing this Court and remanding the case for a new trial. *Hargett*, 62 So. 3d at 954-55 (¶16). The supreme court found the elicited testimony did not meet an exception under Rule 404(b) and was "overly prejudicial." *Id.*

¶18.    In this case, the prior conviction was introduced by a sentencing order that was admitted at the end of trial, not repeatedly improper testimony throughout trial about the defendant's prior bad acts that the trial court had excluded. Further, here, a jury instruction was given that the prior felony could be considered only to show intent. In *Hargett*, the reason the State wanted to admit evidence of the prior convictions—to prove no mistaken identity—was not alleged by the defense; here, the prior conviction was used by the State to prove an essential element of the crime—intent. It does not matter, as the dissent contends, that Colburn "never placed the element of intent at issue" because intent was, in fact, an element of the crime that the State had to prove beyond a reasonable doubt.

¶19.    The dissent also finds *Hargett* analogous, arguing that here, as in *Hargett*, the reason the State elicited the prior conviction was not at issue as a defense in the case, and thus the

9

evidence was improperly admitted. In *Hargett*, the State offered the prior conviction to prove no mistaken identity, which the defendant did not argue as a defense. *Hargett*, 62 So. 3d at 953 (¶9). Here, the State offered the prior conviction to prove intent, which is not a defense but rather an essential element of the crime. Additionally, the defenses of mistaken identity and entrapment were not the "sole basis" for the State's proposed introduction of the prior conviction, as the dissent claims. The State's Rule 404(b) motion proposed these might be Colburn's expected defenses, but at the hearing on the motion, the State explicitly contended Colburn's previous conviction would be used to prove intent, an element of the crime.

¶20. The dissent cites *United States v. Gomez*, 763 F.3d 845, 859 (7th Cir. 2014), in support of its contention that even though intent is an essential element of the charged crime (a specific intent crime), intent was not in dispute, and thus admission of evidence of the prior conviction to prove intent unfairly prejudiced Colburn. We disagree. "[I]n cases involving specific-intent crimes . . . other-act evidence may be admissible to prove intent, but it must be relevant without relying on a propensity inference, and its probative value must not be substantially outweighed by the risk of unfair prejudice." *Id.* The prior conviction was relevant to show intent, not propensity, and the trial court properly performed a Rule 403 balancing test.

¶21. The trial court did not abuse its discretion in admitting evidence of Colburn's 2006 conviction for the limited purpose of proving his intent to sell. Presenting evidence of intent is a permissible non-character use under Rule 404(b)(2). Moreover, the trial court properly

weighed the evidence under Rule 403 and gave a proper limiting instruction. Based on the foregoing reasons, the trial court did not abuse its discretion in admitting evidence of Colburn's prior conviction.

¶22. **AFFIRMED.**

**CARLTON, P.J., GREENLEE, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. McCARTY, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY WESTBROOKS AND McDONALD, JJ.; LAWRENCE, J., JOINS IN PART.**

**McCARTY, J., DISSENTING:**

¶23. The whole point of Rule 404(b) is to keep a jury focused on whether the defendant committed the crime charged—to not convict people simply because they have done bad things in the past. "The reason for the rule is to prevent the State from raising the inference that the accused has committed other crimes and is therefore likely to be guilty of the offense charged." *White v. State*, 842 So. 2d 565, 573 (¶24) (Miss. 2003). But that's exactly what happened to Anton Colburn in this case.

¶24. In one key case establishing when it is improper to allow evidence of a prior conviction, a person contacted law enforcement and arranged to serve as a confidential informant. *Hargett v. State*, 62 So. 3d 950, 952 (¶3) (Miss. 2011). The informant was certain he could purchase marijuana from the defendant. *Id*. After arranging the sale, the informant went to Hargett's house wearing an audio monitoring device. *Id*. Law enforcement officers were located about a block away to listen to the transaction. *Id*. The confidential informant purchased the drugs and identified Hargett as the dealer. *Id*. Hargett

was later arrested and charged with the sale of marijuana. *Id*.

¶25.   Before trial, defense counsel filed a motion in limine to exclude evidence of Hargett's prior drug convictions. *Id*. The trial court granted the motion. *Id*. Nonetheless, "[d]espite the ruling on the motion in limine, the State continually elicited inadmissible testimony" regarding the prior convictions. *Id*. The defendant was found guilty and subsequently appealed his conviction. *Id*.

¶26.   Our Supreme Court found it was prejudicial for the jury to hear of the defendant's prior drug convictions. *Id*. at 954 (¶16). While the Court of Appeals had approved the references to the prior crimes, it had "failed to explain how any [Rule 404(b)] exception applies." *Id*. at 953 (¶9). And while at trial the State contended the evidence was elicited "to prove there was no mistaken identity," that simply wasn't an issue in the case because "the defense never alleged mistaken identity." *Id*.

¶27.   Our Supreme Court quoted and approved a statement from the trial court: "'[t]he theory of the case can't be we know he's a drug dealer . . . unless he alleges a mistake, there is no reason to prove absence of mistake.'" *Id*.

¶28.   So the introduction of the prior drug sale violated the express reason we have Rule 404(b) because "[t]he jury heard about a similar crime, which would likely cause them to find guilt." *Id*. at 954 (¶12) (internal quotation marks omitted). This wasn't harmless to the defendant because "it [could not] be determined that a guilty verdict would have been reached without testimony of Hargett's prior convictions." *Id*. Therefore, the Supreme Court reversed and remanded for a new trial. *Id*.

¶29.   The case before us is just like *Hargett*, and just like the Supreme Court concluded there, the conviction requires reversal and therefore a new trial.  Before Colburn's trial, the State argued it expected the defense to present a defense of mistaken identity or entrapment. This expectation was the sole basis for the State's introduction of the prior conviction.  Yet Colburn never argued either of these defenses.  Instead, his defense focused chiefly on the discrepancy between the date seen on the video and the date stated by the officer at the beginning of the video.  He never placed the element of intent at issue.

¶30.   In its closing, defense counsel even argued the case was "not about *whether* [Colburn] did it" but "*when* he did it." (Emphasis added).  The only element of the indictment that was subject to attack was the charged date of the crime.  Since the issue of identity or entrapment was not in play in this case, the trial court should not have allowed the prior bad act to be admitted as an exception to the general ban on prior bad acts.  In doing so, it repeated the error in *Hargett* where the State relied on the theory "once a drug dealer, always a drug dealer."

¶31.   In its closing argument, the State explicitly used Colburn's 2006 conviction as a reason the jury should find him guilty in 2021:

> Now, in order to prove intent, we have submitted to the Court, and the Court has received, a copy of Anton Colburn's previous conviction of possession of cocaine, a Schedule II Controlled Substance, with intent to transfer.
>
> Now, that goes to prove that he intentionally sold the drugs to *this* CI. He's—this is a crime from 2006, and that sentencing order was signed by Judge Sharion Aycock on October 6th, 2006.
>
> Now, what the tells you is[,] *he has been fooling with the drug business since at least 2006*.  So is there any question *that–that the CI bought the dope from*

13

*him?*

(Emphasis added). In advancing this line of argument in its closing, the State was blatantly arguing the jury should rely on Colburn's prior conviction as proof he committed the subsequent crime. This is exactly why we have Rule 404(b)—to abate the prejudice from this type of argument. As required by *Hargett*, the only route is to find this error requires reversal since "[t]he jury heard about a similar crime, which would likely cause them to find guilt" in the subsequent prosecution. *Id*. at 954 (¶12).

¶32. To further support this point, I turn to a federal court's view of a similar situation. In determining whether the introduction of a defendant's "other-act evidence" was more prejudicial than probative, the court first drew a distinction between cases in which intent can be inferred from the act itself and cases in which intent is in issue. *United States. v. Gomez*, 763 F.3d 845, 858 (7th Cir. 2014). In cases where intent can be inferred, the court stated the defendant must first place intent "in issue" before the government can introduce prior bad act evidence to further prove intent. *Id*.

¶33. In contrast, where intent is an issue, prior bad act evidence "*may* be admissible to prove intent." *Id*. Although intent in those cases is an element of the crime, there is no "automatic admission" of prior bad act evidence. *Id*. The court instead stated the proper inquiry would be to "consider the degree to which the non-propensity issue actually is contested when evaluating the probative value of the [prior bad act] evidence." *Id*. at 860. The court then acknowledged the risk of unfair prejudice and further stated that "sensitivity to the real factual disputes in the case is critical." *Id*.

¶34. While not binding upon this Court, *Gomez* is persuasive. To adequately protect a defendant from the inherent prejudicial effect of admitting prior bad act evidence, this Court should consider where the factual dispute arose in the present case. The crux of Colburn's defense was a discrepancy in dates. He argued the State was unable to prove beyond a reasonable doubt that the crime occurred on March 28, 2019, instead of the 2013 date shown on the video. While intent is indeed an element of the crime charged, it was not the element in dispute. The date of the crime was the *only* contested element.

¶35. Additionally, the prior bad act also should not have been admitted because there were fundamental differences between Colburn's prior conviction and the later charge for sale of methamphetamine. Notably, the crimes are far apart in time. Colburn's prior drug conviction occurred in 2006, while his second conviction was based on events occurring in 2019—thirteen years later.[4] The prior conviction also involved a different drug—cocaine.

¶36. Lastly, Colburn's prior conviction was for a different crime that carried a separate set of elements. In 2006, he plead guilty to the *possession* of cocaine with the intent to sell. This means Colburn possessed a large enough quantity of cocaine to "create an inference of intent to distribute." *Fox v. State*, 756 So. 2d 753, 759 (¶19) (Miss. 2000). He was presumed to have the intent to sell due to the quantity of drugs he possessed. But the elements of his 2019 charge are focused on whether he sold methamphetamine to another person. The two crimes are simply unrelated due to the passage of time, lack of overlapping identity of the substances, and differing elements of the crimes charged.

---

[4] Due to a later revocation, Colburn's thirteen-year-old conviction was not governed by Rule 609(b)'s limitation on using evidence after a decade has passed.

¶37.    Because of these fundamental differences, in my view, the probative value of the prior conviction was substantially outweighed by a danger of unfair prejudice.  And the trial court's limiting instruction could not effectively shield the defendant from the overly prejudicial effect of the State's evidence.

¶38.    In the end, a key part of the State's case was about what the defendant had done in the past—the impermissible theory "once a drug dealer, always a drug dealer." *United States v. Bell*, 516 F.3d 432, 443-44 (6th Cir. 2008).  Because that theory violates Rule 404(b) and prejudiced Colburn's defense against the current charge, I must respectfully dissent.

**WESTBROOKS AND McDONALD, JJ., JOIN THIS OPINION. LAWRENCE, J., JOINS THIS OPINION IN PART.**