# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-KA-01422-COA

**LAVELL McCLELLAND A/K/A ANTONIO McKEY McCLELLAND A/K/A LAVELL JUNIOR McCLELLAND**  ............ APPELLANT

**v.**

**STATE OF MISSISSIPPI**  ............ APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/03/2024 |
| TRIAL JUDGE: | HON. CHARLES W. WRIGHT JR. |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: HUNTER NOLAN AIKENS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | KASSIE ANN COLEMAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 03/24/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., EMFINGER AND LASSITTER ST. PÉ, JJ.**

**LASSITTER ST. PÉ, J., FOR THE COURT:**

¶1. Lavell McClelland was convicted in the Circuit Court of Lauderdale County of one count of possession of cocaine with intent to distribute and one count of possession of a controlled substance in a correctional facility. On appeal, McClelland argues that the State presented insufficient evidence to support either of his convictions. However, after review, we find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Officer Demarcus Wilburn, a member of the East Mississippi Drug Task Force,

received information in 2016 that McClelland was selling drugs in the Druid Hills area of Meridian near Oak Drive. After surveilling the area, officers saw McClelland fail to signal as he turned onto Oak Drive. Officer Wilburn initiated a traffic stop.

¶3. Officer Wilburn later testified that as he approached McClelland's vehicle, he detected the odor of marijuana. When he reached the window, Officer Wilburn asked McClelland for his driver's license, but McClelland did not have one. Another task force member approached the passenger side of the vehicle and observed marijuana in plain view. After law enforcement discovered the marijuana, they removed McClelland from his vehicle and conducted a pat-down search of his outer garments, locating $2,553 in McClelland's sock. Following the pat-down and the discovery of the money, Wilburn asked McClelland if he had any "illegal narcotics on his person," and McClelland replied "no."

¶4. Officers took McClelland to the Lauderdale County Detention Facility (jail). Once at the jail, Wilburn turned McClelland over to booking officers Tonya Anderson and Lieutenant Maria Rainey. In accordance with standing booking procedure, the officers ordered McClelland to remove his shoes and outer layers of clothing, but he remained in a T-shirt, shorts, and sandals provided by the facility. Video footage from two different camera angles within the booking area was published to the jury at trial without objection.

¶5. The video shows a plastic bag containing a white substance falling to the floor while McClelland is changing clothes and handing them over to Officer Anderson. The footage also showed that officers did not notice the bag initially, but McClelland did. McClelland can

2

be seen attempting to conceal the bag under his shoe and slide the bag in between his sock and sandal. His initial attempt to conceal the bag was unsuccessful, so he attempted to slide the bag along the ground underneath his shoe as he walked toward the restroom. However, after taking one or two steps, McClelland's foot came off the bag, and Officer Anderson discovered it.

¶6.     Anderson then handed the bag to Lieutenant Rainey, and Rainey placed it into an evidence bag before giving it to a task force officer. Later testing revealed that the plastic bag contained a total of 3.98 grams of cocaine. Within the bag were two smaller bags: one bag contained 0.176 grams, and the other contained 3.804 grams.

¶7.     McClelland was indicted on one count of possession of cocaine with the intent to distribute (Count I), in violation of Mississippi Code Annotated section 41-29-139 (Supp. 2016), and one count of "possession, or use of controlled substances or narcotic drugs in [a] correctional facility" (Count II) in violation of Mississippi Code Annotated section 47-5-198 (Rev. 2015).

¶8.     Following trial, McClelland was convicted of both counts. McClelland received an enhanced sentence as a habitual offender and was ordered to serve forty years in the custody of the Mississippi Department of Corrections (MDOC) for Count I and a term of seven years for Count II, to be served consecutively.[1] The court also required McClelland to pay court costs and fines totaling $20,000.

---

[1] Miss. Code Ann. § 41-29-147 (Rev. 2013); *Id.* § 99-19-81 (Rev. 2014).

¶9. Now McClelland appeals, claiming that the State presented insufficient evidence to support his conviction and sentence under either count. However, for the reasons below, we hold that sufficient evidence of both counts was presented to support his convictions.

**STANDARD OF REVIEW**

¶10. In reviewing challenges to the sufficiency of the evidence on appeal, this Court "must examine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Alford v. State*, 367 So. 3d 1013, 1017 (¶9) (Miss. Ct. App. 2023) (quotation marks omitted). Moreover, "[w]e view all of the evidence in the light most favorable to the prosecution, accept all the evidence supporting the verdict as true, and give the prosecution the benefit of all favorable inferences that reasonably may be drawn from the evidence." *Garrett v. State*, 344 So. 3d 849, 851 (¶12) (Miss. 2022).

**ANALYSIS**

**I.        Sufficiency of the Evidence—Possession with Intent to Distribute**

¶11. McClelland claims that the State failed to establish beyond a reasonable doubt that he possessed the cocaine with the intent to distribute. He argues that the amount of cocaine he possessed, 3.98 grams, was consistent with an amount for personal use and asserts that the State failed to present evidence "indicative of an intent to distribute," such as a sale or attempted sale.

¶12. Furthermore, he contends that the money found in his possession failed to establish any intent to distribute, claiming the possession of $2,553 "does not make one a drug dealer."

He also argues that the evidence taken as a whole "failed to establish more than a mere suspicion of intent to distribute." McClelland concludes by asking this Court to remand the case for resentencing on the lesser-included offense of simple possession.

¶13. This Court has consistently held that the "intent to sell or distribute contraband may be established by inference from circumstantial evidence." *Alford*, 367 So. 3d at 1022 (¶33) (quoting *Campbell v. State*, 118 So. 3d 598, 604 (¶15) (Miss. Ct. App. 2012)). Moreover, in *Boyd v. State*, 634 So. 2d 113, 115 (Miss. 1994), our Supreme Court reasoned, "[C]riminal intent may be shown by surrounding circumstances," and stated, "[T]hat intent is a question of fact to be gleaned by the jury from the facts shown in each case." The court in *Boyd* went on to hold:

> [P]roof of possession with an intent to distribute or sell should not be based solely upon surmise or suspicion. There must be evidentiary facts which will rationally produce in the minds of jurors a certainty, a conviction beyond reasonable doubt that the defendant did in actual fact intend to distribute or sell the cocaine, not that he might have such intent. It must be evidence in which a reasonable jury can sink its teeth.

*Id.*

¶14. Moreover, "the quantity of the drug in itself can be sufficient to infer intent to distribute beyond a reasonable doubt," and juries can also consider evidence "consistent with [the] distribution of drugs, such as scales, weapons, and large amounts of cash." *Alford*, 367 So. 3d at 1022 (¶¶33-34).

¶15. Here, we find that the jury was presented with sufficient evidence to support McClelland's conviction of intent to distribute beyond a reasonable doubt despite

McClelland's insistence that the cocaine was for personal use. McClelland focuses heavily on the amount of cocaine he possessed, relying on cases such as *Stringfield v. State*, 588 So. 2d 438, 440 (Miss. 1991), and *Mitchell v. State*, 754 So. 2d 522 (Miss. Ct. App. 1999), for support.

¶16.    In *Stringfield*, the defendant possessed 14 grams of cocaine, but the trial court found that amount sufficient for personal use, as there were "no surrounding circumstances from which . . . an intent [to distribute] may be inferred." *Stringfield*, 588 So. 2d at 441. Similarly, in *Mitchell*, this Court concluded that 7.1 grams of cocaine was an amount that could reasonably be held for personal use and "other evidence must be adduced to support a conviction of possession with intent to distribute or sell." *Mitchell*, 754 So. 2d at 522 (¶12).

¶17.    The instant case is distinguishable from *Stringfield* and *Mitchell* because the jury was provided with facts and the "surrounding circumstances" from which to infer McClelland's intent to distribute. The amount of cocaine McClelland possessed was not the only factor for the jury to consider. As previously stated, "criminal intent may be shown by surrounding circumstances," and here, we find that rational jurors could have reasonably inferred McClelland's intent to distribute cocaine. *Boyd*, 634 So. 2d at 115.

¶18.    For example, Agent Wilburn testified without objection that the East Mississippi Drug Task Force received intelligence that "McClelland [was] selling drugs in the area of Druid Hills and Oak Drive." Moreover, $2,553 was discovered in McClelland's sock during the pat-down and subsequent arrest. The cocaine was also packaged in various allotments and

6

in multiple bags. When these things are all considered together, we find that a reasonable jury had sufficient evidence in which to "sink its teeth." *Id.*

¶19.    As McClelland points out, no one piece of evidence definitively proves his "intent to distribute," yet the "intent to sell or distribute contraband may be established by inference from circumstantial evidence." *Alford*, 367 So. 3d at 1022 (¶33). The amount and packaging of the cocaine, the money in McClelland's sock, and the testimony of Wilburn provided the jury with sufficient evidence to determine McClelland's intent since "intent is a question of fact to be gleaned by the jury from the facts shown in each case." *Boyd*, 634 So. 2d at 115.

## II.    Sufficiency of the Evidence—Possession of Contraband

¶20.    McClelland argues that the State presented insufficient evidence to support his conviction for introducing contraband to a correctional facility because the indictment and elements instruction required the State to prove that he wilfully committed the offense, but he argues the State failed to provide sufficient proof of his mens rea. McClelland notes that section 47-5-198 does not contain the word "wilfully" and contends that the State "saddled themselves" with the additional burden of proving that he wilfully brought cocaine into the detention center. He also claims that he did not wilfully bring cocaine into the detention center because he was involuntarily brought to jail, and law enforcement failed to find the cocaine during the pat down. However, McClelland's arguments are unpersuasive, and the judgment of the circuit court is affirmed for the following reasons.

¶21.    In pertinent part, Mississippi Code Annotated section 47-5-198(1) states that "[i]t is

7

unlawful for any person to . . . bring to, or be in possession of, in any correctional facility . . . within the state or any county, municipal or other jail within the state, except as authorized by law, any controlled substance or narcotic drug." As McClelland correctly points out, no language in the statute requires the possession of contraband to be wilful. This Court has previously held that when the State includes in an indictment a mens rea element not present in the relevant statute, it is "obligated to prove that aspect of the charge beyond a reasonable doubt." *Renfrow v. State*, 34 So. 3d 617, 625 (¶19) (Miss. Ct. App. 2009).

¶22.    In accordance with *Renfrow*, we find that the State's inclusion of the word wilfully in the indictment and elements instruction increased the State's burden of proof at trial. Nevertheless, the record reveals that rational jurors were presented with sufficient evidence to conclude beyond a reasonable doubt that McClelland wilfully possessed cocaine while in the detention center. As previously stated, this Court reviews challenges to the evidence in "the light most favorable to the prosecution, accept[s] all the evidence supporting the verdict as true, and give[s] the prosecution the benefit of all favorable inferences that reasonably may be drawn from the evidence." *Garrett*, 344 So. 3d at 851 (¶12).

¶23.    Here, the jury was presented with Agent Wilburn's testimony as well as the video footage showing the cocaine originating in McClelland's clothing. Notably, Wilburn testified that after initiating the traffic stop, he asked McClelland "if he had any illegal narcotics on his person," and McClelland replied "no." Jurors could certainly conclude that McClelland's denial was wilful.

8

¶24. Additionally, the footage showed McClelland's attempts to conceal the cocaine underneath his foot. The footage also showed that once the bag containing the cocaine fell to the floor, McClelland placed his foot on top of it and moved the bag with his foot. The jury could have found McClelland's foot placement deliberate, as well as his attempts to conceal the bag from law enforcement.

¶25. When Agent Wilburn's testimony and the video footage are considered, we conclude that rational jurors "could have found the essential elements of the crime beyond a reasonable doubt." *Alford*, 367 So. 3d at 1017 (¶9). Accordingly, we find that the record contains sufficient evidence to support McClelland's conviction under Count II.

**CONCLUSION**

¶26. After viewing all the evidence in the light most favorable to the prosecution, we find that reasonable jurors could have found that the State proved beyond a reasonable doubt that McClelland possessed cocaine with the intent to distribute and that he wilfully, unlawfully, and feloniously possessed cocaine in the detention center.

¶27. The judgment of conviction is **AFFIRMED**.

**BARNES, C.J., CARLTON AND WILSON, P.JJ., LAWRENCE, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR. McDONALD, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**